# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GHASSAN H. EL TURK; <br>   Samir Jibril Bld <br>   Abra, Saida, Lebanon 1600 <br><br> KIMBERLY BISHOP; <br>   330 S. William Street <br>   Springfield, Ohio 45506 <br><br>          Plaintiff(s) <br><br>          v. <br><br> ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security; <br> UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services; <br>   2707 Martin Luther King Jr. Ave, SE <br>   Washington, DC 20528-0485 <br><br> MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice; <br>   950 Pennsylvania Avenue, NW <br>   Washington, DC 20530-0001 <br><br>         Defendant(s). | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No **1:22-cv-413** |

---

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Hashim G. Jeelani, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW GHASSAN H. EL TURK (hereinafter "TURK" or collectively "Plaintiffs") and KIMBERLY BISHOP (hereinafter "BISHOP" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1.      Plaintiff BISHOP is the U.S. citizen spouse of Plaintiff TURK, a national and resident of Lebanon. Plaintiff BISHOP lawfully filed a petition with the United States Citizenship and Immigration Service ("USCIS") for her spouse to come to the U.S. as a permanent resident. Given Plaintiff TURK's immigration history in the United States, prior to being granted an immigrant visa to come to the U.S., he is required to apply for two waivers with USCIS: 1) Form I-212, Application for Permission to Reapply for Admission and 2) Form I-601 Application for Waiver of Grounds of Inadmissibility (hereinafter collectively referred to as "Applications"). As such, Plaintiff TURK timely, completely, and lawfully filed the Applications with USCIS and paid the associated fees on January 14, 2021.

2.      After filing the Applications, Plaintiffs submitted a request for expedited processing of their cases with USCIS on account of the unique medical, economic, political, psychological and other hardships Plaintiffs and their family members, including their children, were experiencing as a result of the separation. In light of this request and the unique factors in Plaintiffs' case, USCIS approved the expedite request in Plaintiffs' case on April 8, 2021. However, despite the expedite request being approved, USCIS has left Plaintiffs' Applications in a period of pending status for nearly 14 months. This period is nearly two times the historical processing time of 7.6

months as reported by USCIS for Applications filed under normal, not expedited processing, in 2021.[1]

3.	This action is brought as a result of Defendants' failure to adjudicate Plaintiff TURK's Applications within a reasonable period of time.  The Applications have been in pending status for a period of nearly 14 months without final action.  The Plaintiffs have a clear right to adjudication of the Applications in a timely manner. The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4.	The delay in making a decision on Plaintiff's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

5.	The delay is also unreasonable given that Plaintiffs' Applications were approved for expedited processing, yet they have been unadjudicated for nearly 14 months, which is nearly two times the historical processing for waiver filings.

6.	Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Applications as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

7.	Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Applications.

**PARTIES**

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

8.      Plaintiff TURK is a resident and citizen of Lebanon.  He is the applicant in the Form I-601 and Form I-212 Applications. Adjudication of the Applications are necessary for TURK to pursue immigration to the United States as a permanent resident.

9.      Plaintiff BISHOP is a resident of Clark County, Ohio, and a U.S. citizen. She has petitioned with USCIS for her husband, Plaintiff TURK, to immigrate to the U.S.

10.     Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

11.     Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

12.     Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

13.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

14.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

15.     The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Applications.  Further, Plaintiffs have initiated numerous inquiries with USCIS, directly and through their Congressman's Office. After such requests and inquiries failed, Plaintiffs notified the Defendants of their intent to file suit. The Defendants have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

16.     The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of the Applications.

17.     There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

18.     On January 14, 2021, Plaintiff TURK filed, and paid the required government fees for, Form I-601, Application for Waiver of Grounds of Inadmissibility, (Receipt# LIN-2190-23-1115) with USCIS.  **[EXHIBIT A].**

19.     On January 14, 2021, Plaintiff TURK filed, and paid the required government fees for, Form I-212, Application for Permission to Reapply for Admission, (Receipt# LIN-2190-23-1114) with USCIS.  **[EXHIBIT B].**

20.     On March 19, 2021, Plaintiffs submitted an expedite request based on the unique and extreme hardships Plaintiffs and their family members are experiencing. **[EXHIBIT C].**

21.     On April 8, 2021, USCIS notified Plaintiffs that their expedited processing request was granted.

22.     On April 28, 2021, USCIS issued a request for evidence to the Plaintiffs; Plaintiffs timely responded on July 2, 2021.

23.     Since receiving the July 2, 2021 response, USCIS has made no further requests for evidence or information from the Plaintiffs.

24.     Plaintiffs have made numerous inquiries over the past 14 months with USCIS and have requested adjudication of the Applications.

25.     Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Applications were still pending review.

26.     Despite being approved for expedited processing, Plaintiffs' Applications now continue to be pending with USCIS for a total time of nearly 14 months.

27.     The delay in making a decision on Petitioners' petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

28.     In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2021 of 7.6 months for the adjudication of the Applications.  Plaintiff BISHOP's Form I-130 has been pending for nearly 14 months, which is nearly two times the average processing time in other waiver cases, and not those that have been selected for expedited processing, as reported by USCIS.

29.     Defendants have refused to provide further explanation which would merit the need for nearly 14 months of processing time.

30.     Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in administrative processing.

31.     Plaintiff BISHOP has been deprived of the right she has as a U.S. citizen to qualify her spouse to become a permanent resident of the U.S.

32.     Plaintiff TURK has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

33.     Moreover, Plaintiff TURK has incurred significant attorney's fees and has lost numerous employment opportunities due to the Defendants' failure in adjudicating Plaintiffs' Applications within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- Applications

34.     All prior paragraphs are re-alleged as if fully stated herein.

35.     Pursuant to INA 212(a) and 8 CFR 212.7(a), Plaintiff TURK has a statutory right to apply for a waiver of his inadmissibility using Form I-601, Application for Waiver of Grounds of Inadmissibility.

36.     Pursuant to INA 212(a)(9) and 8 CFR 212.2(d), Plaintiff TURK has a statutory right to apply for permission to reenter the U.S. by using Form I-212, Application for Permission to Reapply for Admission.

37.     Defendants have a duty to adjudicate TURK's Applications within a reasonable period of time under 5 U.S.C. §555(b).

38.     By recognizing the unique hardships in Plaintiffs' cases and approving their expedited processing request, Defendants have further taken on a duty to adjudicate Plaintiffs' Applications within a reasonable period of time.

39.     The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

40.     No other adequate remedy is available to Plaintiffs.

41.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Applications.

42.     Defendants have even recognized Plaintiffs' hardships and unique circumstances by approving their expedited processing requests.

43.     Defendants have historically processed waiver applications filed in 2021 in 7.6 months.

44.     Despite approving Plaintiffs' expedited processing requests, Defendants' have failed to take action on Plaintiffs' Applications.

45.     Given the Defendants' lack of a reason for not making a decision on Plaintiff TURK's Application for nearly 14 months, Plaintiff's Application has been pending for an unreasonably long period of time.

46.     Defendants have failed in their statutory duty to adjudicate the Applications in a reasonable time as they have taken nearly two times the historical processing time in other waiver applications that did not have grounds for expedited processing.

47.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on TURK's Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to TURK's case.

48.     Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff TURK's Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

49.     As a result of this delay, Plaintiffs and their family members have endured significant, medical, emotional, and economic hardships. The have also incurred enormous costs and significant attorney's fees.  Additionally, as a result of Defendants' actions, Plaintiff BISHOP has

been denied the right to petition for her spouse to come to the U.S. as a permanent resident of the United States. Further, Plaintiff TURK has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' Applications.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  February 10, 2022                        Respectfully submitted,

      /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax: (312) 767-9030**
***Counsel for Plaintiffs***